IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK, N.A., as Trustee for the Registered Holders of AEGIS Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-4, | § § § § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | No. 3:17-CV-2271-L (BT) |
| JOHN H. RICHARDSON, and LINDA RICHARDSON, | § § § § | |
| Defendants/Counter-Plaintiffs. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss [ECF No. 12] Defendants' counterclaim, filed by Plaintiff U.S. Bank, N.A., as Trustee for the Registered Holders of AEGIS Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-4 (the "Bank"). For the reasons stated, the District Court should GRANT the Bank's Motion and dismiss with prejudice Defendants' counterclaim.

**Background**

This case arises out of the Bank's attempts to foreclose on certain real property located in Dallas, Texas (the "Property"), owned by Defendants John

1

and Linda Richardson ("Borrowers"). By this lawsuit, the Bank alleges that, on June 23, 2005, Borrowers obtained a home equity loan (the "Loan") from AEGIS Funding Corporation and, in connection with the Loan, executed (1) a Texas Home Equity Note (the "Note") made payable to the lender, and (2) a Texas Home Equity Security Instrument (the "Security Instrument") granting the lender a security interest in the Property. *See* Compl. 2-3 [ECF No. 1]. The Bank further alleges that it is the current owner and holder of the Note and beneficiary of the Security Instrument. *See* Compl. 3. Ocwen Loan Servicing, LLC allegedly services the Loan for the Bank. *See* Compl. 3.

The Bank contends that Borrowers failed to make required payments on the Note and failed to comply with the covenants and conditions of the Security Instrument. *See* Compl. 4. Accordingly, the Bank sent Borrowers a Notice of Default pursuant to Section 51.002(d) of the Texas Property Code, giving Borrowers notice that the Bank had accelerated the maturity date for the Note making the entire unpaid principal balance and accrued interest immediately due and payable. *See* Compl. 4. Ocwen subsequently initiated foreclosure proceedings by filing an Application for an Expedited Order permitting foreclosure on the Property in the 192nd Judicial District Court in Dallas County, Texas. *See* Compl. 4.

On June 7, 2013, Borrowers filed a *pro se* action in the 134th Judicial

District Court in Dallas County, Texas, alleging claims for quiet title, common law fraud, breach of contract, breach of fiduciary duty, and negligent misrepresentation. *See* Compl. 4. The 192nd Judicial District Court, under Texas Rule of Civil Procedure 736(11), dismissed the Bank's foreclosure action due to the Borrower's filing of the action in the 134th Judicial District Court. *See* Compl. 4. On July 3, 2013, Ocwen removed the case pending in the 134th Judicial District Court to the federal district court. *See* Compl. 4. On August 16, 2013, the 134th Judicial District Court dismissed the removed action for failure to prosecute. *See* Compl. 5. On December 24, 2014, the federal district court dismissed the removed action with prejudice on grounds that the Borrowers' pleadings failed to state a claim for relief. *See* Compl. 5.

On November 12, 2015, Ocwen filed a second Application for an Expedited Order permitting foreclosure on the Property in the 192nd Judicial District Court in Dallas County, Texas. *See* Compl. 5. On June 10, 2016, under Texas Rule of Civil Procedure 736, the 192nd Judicial District Court entered a Home Equity Foreclosure Order granting the Application. *See* Compl. 6. On July 8, 2016, the Bank provided notice to Borrowers that the Property would be sold at a foreclosure sale on August 2, 2016. *See* Compl. 6. On August 1, 2016, however, Borrowers filed another lawsuit in Dallas County, Texas alleging claims for wrongful foreclosure, fraud, negligent misrepresentation, and wrongful

3

assignment of the Security Instrument. *See* Compl. 6. On August 22, 2016, the Bank and Ocwen removed that case to federal district court, and on October 5, 2016, Borrowers voluntarily dismissed the case under Rule 41(a)(1). *See* Compl. 6-7.

The Bank contends that it filed this case in an effort to avoid the pattern of delay and litigation tactics employed by Borrowers in the prior lawsuits. *See* Compl. 7. In this case, the Bank asserts a cause of action for judicial foreclosure, seeking a judgment in its favor and an order permitting foreclosure pursuant to the Security Instrument and Texas Property Code Section 51.002, or in the alternative, a judgment for judicial foreclosure. *See* Compl. 8. The Bank also asserts a cause of action for equitable subrogation seeking a judgment (1) declaring that the Note is in default and permitting foreclosure on the Property, and (2) declaring that it is equitably subrogated to all amounts that have been paid to other creditors on behalf of Borrowers after their default. *See* Compl. 8-9.

On September 26, 2017, Borrowers, proceeding *pro se*, filed their Answer and Counterclaim, in which they assert that the Bank "illegally serviced their loan" and "violat[ed] the Consent Judgment resulting in economic hardship as presented in the April 2017 Causes filed in the United States District Court." *See* Answer 5 [ECF No. 8]. Borrowers propose to settle their dispute if the Bank modifies the terms of the Loan as follows: (1) forgive "the current mortgage note,

4

negative escrow, and any and all other fees or balances allegedly due;" (2) a cash payment of $1,678,150 to Borrowers; and (3) documentation of "credit deletion" on Borrowers' credit reports. *See* Answer 5. In consideration of the requested Loan modification, Borrowers agree that they: (1) will not participate in a class action "as specifically allowed and permitted in the December 2013 Consent Judgment;" (2) will "execute Ocwen's standard loan modification agreement and standard settlement agreement;" (3) will "not disclose the details of this settlement to anyone;" and (4) will "release Ocwen and the Investor of all claims . . . [that] could have been raised." Answer 5-6.

In response to Borrowers' Counterclaim, the Bank filed the pending motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See* Mot. to Dismiss [ECF No. 12]. Simply stated, the Bank argues that Borrowers lack standing to enforce the any consent judgment and their claims otherwise lack sufficient specificity to survive summary dismissal. The issues are fully briefed and ripe for determination.

**Legal Standards**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above

5

the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)).

Although the courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with the relevant rules of procedural and substantive law. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right

7

of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted).

## Analysis

Borrowers' Counterclaim states in its entirety:

> [Borrowers] present a Counterclaim for [the Bank's] illegal servicing of the loan with blatant disregard of the servicing standards as set forth in the December 2013 Consent Judgment and further violations of the Consent Judgment resulting in economic hardship as presented in the April 2017 Causes filed in United States District Court.

*See* Answer 5. The Bank argues these allegations fail to state a cognizable claim because: (1) the allegations lack sufficient specificity to state a claim for violation of any consent judgment, and (2) Borrowers lack standing to enforce the provisions of a consent judgment entered in an action to which they were not parties. *See* Pl.'s Br. 3-6 [ECF No. 13].[1] In response, Borrowers concede that they were not part of the class on whose behalf the "December 2013 Consent Judgment" was entered, but argue that Ocwen's servicing requirements as set

---

[1] The Bank also argues that, to the extent Borrowers attempt to state a claim for breach of contract, the claim fails for lack of specificity. *See* Pl.'s Br. 6-7. However, in their response to the Bank's motion to dismiss, Borrowers clarified that their Counterclaim is for alleged violations of the December 2013 Consent Judgment. *See* Defs.' Br. 34 [ECF No. 18-2]. Therefore, the Court pretermits its consideration of the Bank's argument that Borrowers failed to state a claim for breach of contract.

forth in that judgment apply to Borrowers. *See* Defs.' Br. 23 [ECF No. 18-2]. Borrowers also dispute that their factual allegations are not sufficient to survive a Rule 12(b)(6) challenge. *See* Defs.' Br. 4.

Borrowers fail to allege sufficient facts to state a claim against the Bank for violation of a consent judgment. Borrowers only vaguely allege that the Bank failed to perform its legal obligations and illegally serviced the Loan in disregard of the servicing standards set forth in the "December 2013 Consent Judgment." However, Borrowers wholly fail to allege that the Bank was a party to the consent judgment. Borrowers further fail to allege facts to support any cognizable legal theory under which the Bank could be liable for the acts of its loan servicer, Ocwen, in allegedly violating the consent judgment. In the absence of sufficient factual allegations to state a claim for relief, the District Court should grant the Bank's motion to dismiss Borrowers' counterclaim.

Borrowers also have failed to allege facts sufficient to show they have standing to enforce the provisions of the "December 2013 Consent Judgment." Borrowers have not alleged that they were parties to the case that resulted in the "December 2013 Consent Judgment," and a consent judgment is not enforceable by those who were not parties to the underlying action, even if those persons may have been intended beneficiaries of the judgment. *See* Reply 4; *Choe v. Bank of Am., N.A.*, 2013 WL 3196571, at *4 (N.D. Tex. June 25, 2013) ("It is well settled

9

that 'a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.'" (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975))). Indeed, courts in this district have specifically held that mortgagors lack third-party standing to enforce consent decrees that banks have entered into with the government. *See Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013) ("[C]ourts that have addressed this issue have held that mortgagors . . . do not have standing to enforce a consent decree that banks have entered into with the government. . . . The court therefore determines that [mortgagors] have not alleged sufficient facts that they have standing to enforce the consent decree, and, thus, fail to state a claim upon which relief can be granted." (citing *Daniels v. JPMorgan Chase, N.A.*, 2011 WL 7040036, at *3 (E.D. Tex. Dec. 14, 2011))). The District Court should therefore grant the Bank's motion to dismiss Borrowers' Counterclaim.

Further, because Borrowers concede that they were not parties to the lawsuit in which the subject consent judgment was entered, and Borrowers lack standing to enforce the provisions of the consent judgment, the District Court should dismiss Borrowers' Counterclaim without giving Borrowers an opportunity to amend. *See Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at *6 (N.D. Tex. Feb. 25, 2014) ("Ordinarily, a *pro se* plaintiff should be granted

10

leave to amend his complaint prior to dismissal[,]" but it is not required, where "granting leave to amend would be futile and cause needless delay."); *see also Wortham v. Chris Hansen Lab Inc.*, 2014 WL 2694194, at *2 (N.D. Tex. June 12, 2014); *Kindricks v. Garland Police Dept.*, 2014 WL 5472446, at *4 (N.D. Tex. Oct, 29, 2014); *Nieman v. Hale*, 2013 WL 3810711, at *5 (N.D. Tex. Jul. 23, 2013).

## Recommendation

The District Court should GRANT the Bank's Motion to Dismiss [ECF No. 12].

July 30, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND<br>NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).