IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-4, <br><br>Plaintiff, <br><br>v. <br><br>JOHN H. RICHARDSON AND LINDA RICHARDSON, <br><br>Defendants. | § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br>Civil Action No. **3:17-CV-2271-L** |

## Memorandum Opinion and Order

Before the court is the Motion for Summary Judgment (Doc. 34), filed August 1, 2018, by Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of AEGIS Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-4 ("Plaintiff" or "U.S. Bank"). Plaintiff seeks a summary judgment in its favor, authorizing it to foreclose on Defendant John H. Richardson's and Linda Richardson's ("Defendants") property. After considering the motion, response, reply, competent summary judgment evidence, and applicable law, the court **grants** Plaintiff's Motion for Summary Judgment (Doc. 34).

### I.  Factual and Procedural Background

This lawsuit arises out of U.S. Bank's repeated efforts to foreclose on Defendants' property located at 7007 Spanky Branch Court, Dallas, Texas 75248 (the "Property"). On June 23, 2005,

Defendants executed a Texas Home Equity Note (the "Note") for $1,280,000 at a 6.950% yearly interest rate payable to Aegis Funding Corporation ("Aegis"). Concurrently with the Note, Defendants executed a Texas Home Equity Security Instrument (the "Security Instrument" and together with the Note, the "Loan Agreement"), conveying an interest in the Property to secure payment of the Note. U.S. Bank maintains that it is the current owner and holder of the Note and beneficiary of the Security Instrument. Ocwen Loan Servicing, LLC ("Ocwen") services the Loan Agreement for Plaintiff. The Loan Agreement's terms require Defendants to pay the Note's principal and interest, as well as any fees and charges, when due. The Loan Agreement also provides that, if Defendants fail to make payments on the Note as they become due, or fail to comply with any condition of the Security Instrument, the lender may sell the Property to enforce the Security Instrument.

Plaintiff contends that Defendants failed to make payments on the Note and to comply with all of the Security Instrument's conditions. Plaintiff further maintains that it sent notice of default to Defendants as required by Texas Property Code § 51.002(d), but Defendants failed to cure the default. Plaintiff contends that, because Defendants did not cure the default, Plaintiff notified Defendants that the Note's maturity date had been accelerated, making all unpaid principal and accrued interest due and payable. Plaintiff asserts that it filed this action to avoid Defendants' pattern of delay and litigation tactics that have prevented Plaintiff from exercising its right to foreclose on the property since March 20, 2013.

On August 14, 2018, the court granted Plaintiff's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismissed with prejudice all counterclaims asserted by Defendants and overruled Defendants' related objections. Plaintiff moved for summary judgment on its foreclosure

claim on August 1, 2018. Before briefing on the summary judgment motion was complete, Defendants filed an amended pleading and Motion to Add Indispensable Parties on August 31, 2019, which the court denied as untimely and for failure to establish good cause on March 11, 2019. The court also noted that this pleading was filed in violation of the court's August 14, 2019 order, which stated that Defendants would not be allowed to amend their pleadings because they had not sought leave to amend their pleadings and, in any event, doing so would have been futile.

In its Motion for Summary Judgment ("Motion"), Plaintiff contends that it is entitled to summary judgment on its judicial foreclosure claim and requests that the court enter an order allowing it to foreclose on the Property. Thereafter, Defendants filed a response to the Motion to which Plaintiff replied. While Plaintiff asserts two claims in its Complaint—one for judicial foreclosure, which the court construes as one for declaratory judgment, and one for equitable subrogation—it has only moved for summary judgment on its judicial foreclosure claim. Accordingly, the court does not address Plaintiff's equitable subrogation claim.

## II. Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift*

*Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over

facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

Plaintiff is entitled to summary judgment on its judicial foreclosure claim because no genuine dispute of material fact exists whether Defendants defaulted on the Loan Agreement and whether Plaintiff completed all preconditions necessary to obtain an order permitting foreclosure. A lender seeking to foreclose on property in Texas under a security instrument with a power of sale must establish that "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code 51.002.); *see also* Tex. Const. art. XVI, § 50(a)(6)(D) ("The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for an extension of credit that is secured by a lien that may be foreclosed upon only by a court order."); Tex. Prop. Code § 51.002(d) ("[T]he mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given.").

The summary judgment evidence establishes that, pursuant to a valid agreement between the parties, a debt exists secured by a proper lien; and that Defendants are in default or breach of the agreement. Forming a valid contract under Texas law requires: "(1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 140-41 (Tex. App.—Dallas 2012, no pet.) (citation omitted) (citing *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied)). Once a valid contract is formed, to assert a claim for its breach under Texas law, a plaintiff must establish "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

On June 23, 2005, Defendants executed a Texas Home Equity Note payable to Aegis for $1,280,0000 plus interest, in exchange for the extension of credit they received. Pl.'s App. 3, 7-11 (Doc. 36-1). Concurrently, Defendants executed a Texas Home Equity Security Instrument creating a lien on the Property to secure payment of the Note, and, in doing so, Defendants agreed to a release the lender's obligations under Texas Constitution, article XVI, § 50(a)(6). *Id.* at 3, 13-34. Defendants' signatures on the Note indicate that they executed that contract and consented to its terms. *Id.* at 25. On December 11, 2012, Mortgage Electronic Registration Systems, Inc. ("MERS"), the Deed of Trust's original beneficiary, assigned the Deed of Trust to U.S. Bank, the current owner and holder of the Note, as well as the beneficiary of the Deed of Trust. *Id.* at 3-4, 36. Defendants

do not offer any evidence that rebuts the validity of the Loan Agreement. Accordingly, the court determines that a valid contract exists between the parties establishing Defendants' debt, which is secured by a lien under Texas Constitution, article XVI, § 50(a)(6).

Under the Note's terms, Defendants agreed to make monthly payments, but they have not done so since August 1, 2012. *Id.* at 4, 8, 38-40. Because Defendants are delinquent in their payments, they are in default per the Note's terms. *Id*. at 8-9. Defendants' breach has caused U.S. Bank monetary injury amounting to more than five years of missed payments. *See id.* at 4. Defendants do not offer any evidence controverting Plaintiff's evidence or their default on the Loan Agreement. Thus, it is undisputed that Defendants are in default under the Note and Security Instrument.

Finally, to be entitled to judicial foreclosure, Plaintiff must have given Defendants notice of default, with at least 20 days to cure their default, and notice of acceleration. The summary judgment evidence establishes that Plaintiff completed these requirements. On September 5, 2012, U.S. Bank through Ocwen, its mortgage servicer, sent written notice of default via certified mail to Defendants at the address of the Property. Pl.'s App. 4, 42-44. In that notice, Ocwen informed Defendants that they were in default and required to pay $32,403.62 within 30 days to become current on the loan. *Id*. The notice further informed Defendants that, if they failed to timely cure their default, their debt would be accelerated. *Id.* Defendants did not cure their default, and on September 19, 2015, Plaintiff, through its counsel, sent Defendants written notice of acceleration by certified mail, indicating that their debt had been accelerated, and that the Note's full balance was due. *Id.* at 4, 47-51. As of July 20, 2018, Defendants had not made any payments on the loan and owed $1,685,888.86. *Id.* at 4, 53.

Defendants do not offer evidence that rebuts Plaintiff's evidence that it provided notices of default and acceleration. They, instead, assert that Plaintiff is not entitled to summary judgment because it failed to send a new notice of default and acceleration with the filing of this lawsuit in 2017. Specifically, Defendants object to Plaintiff's inclusion of Exhibits A-5, the notice of default dated September 5, 2012, and A-6, the notice of acceleration dated September 19, 2015, in its appendix. *Id.*; Pl.'s App. 41, 45. Texas law, however, only requires the foreclosing party to provide the defaulting party notice of default (with 20 days to cure) and notice of acceleration prior to judicial foreclosure one time. *Huston*, 988 F. Supp. 2d at 740. There is no requirement that the foreclosing party reissue notice before filing a lawsuit to secure a judgment of foreclosure or every time it files suit based on the same defaulting event. Based on the summary judgment evidence, the court determines that Plaintiff provided Defendants with proper notice of default and acceleration.

Defendants' other arguments are similarly without merit. Defendants first contend that foreclosure is improper because Ocwen, the mortgage servicer, is not a party to the lawsuit. As evidence that "Ocwen should be the plaintiff on behalf of USBank," Defendants attach a "Limited Power of Attorney," whereby U.S. Bank grants Ocwen the power to conduct certain legal actions on its behalf in connection with Ocwen's servicing of loans held by U.S. Bank. Defs.' Br. 2-3; Defs.' Ex. 1 (Doc. 43-1).

The terms of the Limited Power of Attorney, however, do not divest U.S. Bank of the power to bring a lawsuit on its own behalf. *See* Defs.' Ex. 1. Accordingly, Ocwen's participation in this lawsuit is not required for foreclosure by U.S. Bank to be proper. Defendants also attach a copy of the Transfer of Lien, whereby MERS transferred the lien to U.S. Bank. Defendants contend that this document further evidences that Ocwen is a necessary party to this lawsuit, as it indicates that U.S.

Bank's address is "c/o Owen." Defs.' Ex. 2 (Doc. 43-2). Contrary to Defendants' belief, the Transfer of Lien does not establish that U.S. Bank is an improper plaintiff; rather, it establishes that U.S. Bank is the lienholder and, thus, affirms that U.S. Bank is a proper plaintiff. Additionally, other courts that have addressed the issue of whether the mortgage servicer was a necessary party have determined that the mortgage servicer was only a nominal party whose presence was not necessary and whose absence would not prevent the courts from entering a final judgment. *Powell v. Nationstar Mortg.* LLC, 2017 WL 191261, at *2 (E.D. Tex., Jan. 18, 2017) (citing *Schmelzer v. Nationstar Mortg., LLC*, No. 4:16-CV-389, 2016 WL 4368735, *1 (E.D. Tex. August 16, 2016)). Defendants' argument that foreclosure is improper because Ocwen must be joined as a party, therefore, fails.

Moreover, even if Ocwen were an indispensable party, the court has the discretion to bar any motion as untimely, at this late juncture, to add Ocwen as a party or defense by Defendants based on this argument to defeat summary judgment. Defendants had ample opportunity to move for and raise the indispensable party issue before expiration of the January 29, 2018 pleading amendment and joinder deadline and before it received an unfavorable ruling on their counterclaims. Defendants, instead, waited until after Defendants moved for summary judgment on its judicial foreclosure claim. Defendants provide no explanation for their delay in raising this issue, and their decision to delay until after they received an unfavorable ruling and after Defendants moved for summary judgment before raising the issue is an "offensive use" of Federal Rule of Civil Procedure 19. *Judwin Props., Inc. v. U.S. Fire Ins*. Co., 973 F.2d 432, 434-35 (5th Cir. 1992).

Defendants next contend that summary judgment is not appropriate because their loan was illegally serviced in that the individuals servicing the loan "were and are not licensed to service loans

**Memorandum Opinion and Order – Page 9**

in the State of Texas corporately or individually." Defs.' Br. 3. Defendants' illegal servicing counterclaim or defense was previously dismissed with prejudice by the court. Order (Doc. 38). Moreover, even assuming that this summary judgment argument or defense by Defendants differs from the counterclaim or defense previously dismissed, it is not properly before the court because Defendants raised it for the first time in their response to Plaintiff's Motion and were not granted leave to amend their pleadings. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) ("A claim which is not raised in the complaint [here, answer] but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). Accordingly, the court does not consider Defendants' argument regarding illegal servicing.

Finally, Defendants contend that Plaintiff is not entitled to summary judgment because its summary judgment brief includes a typographical error that misstates the loan amount. Defs.' Br. 2. Though Plaintiff's misstatement, that Defendants executed a note "in the amount of $264,000.00 payable for $1,280,000.00," may have caused some minor confusion, it does not create a genuine dispute of material fact precluding summary judgment, as the Note indicates the correct loan amount. Pl.'s Br. 4; Pl.'s App. 7. In sum, Defendants have not come forward with any evidence or argument that is sufficient to rebut Plaintiff's evidence of Defendants' default and its satisfaction of the prerequisites for judicial foreclosure. Because no genuine dispute of facts exists as to Plaintiff's entitlement to foreclose judicially on the Property, Plaintiff is entitled to summary judgment and an order declaring its rights in this regard.

## IV.   Conclusion

For the reasons stated, the court determines that no genuine dispute of material fact exists regarding Plaintiff's entitlement to foreclose judicially on the Property. Accordingly, the court **grants** Plaintiff's Motion for Summary Judgment (Doc. 34) and **declares** that Defendants have defaulted on the Note; that Plaintiff, as current owner of the Note and mortgagee of the Security Instrument, holds a first-lien security interest in the Property; that the Security Instrument secures the Note's outstanding balance, prejudgment interest, postjudgment interest at 6.950%, and costs of court, and that Plaintiff's are entitled to recover the outstanding balance, prejudgment interest, postjudgment interest at 6.950%, and all allowable costs of court under the Note; that Plaintiff is entitled to proceed with foreclosure of the Property; and that all foreclosure notices may be mailed to Defendants at the address of the Property.

As Plaintiff's claim for equitable subrogation remains, the court will delay entry of judgment until after Plaintiff notifies the court whether it wishes to proceed with this claim. Plaintiff shall so notify the court by **March 22, 2019.** Plaintiff notes in its summary judgment motion that it intends to file a subsequent motion to seek an award of attorney's fees, but not as an award of money damages. Accordingly, any request by Plaintiff to recover attorney's fees will be addressed by the court postjudgment pursuant to Federal Rule of Civil Procedure 54(d)(2) and must be supported by proper documentation.

**It is so ordered** this 11th day of March, 2019.

Sam A. Lindsay
United States District Judge